**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AUSTYN SHEPHARD,

          Plaintiff,                Case No.

v.

                                   Hon.

ST. CLAIR COUNTY COMMUNITY
MENTAL HEALTH,

          Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

**COMPLAINT AND JURY DEMAND**

Plaintiff Austyn Shephard, by and through her attorneys, HURWITZ LAW

PLLC, states the following for her Complaint against Defendant St. Clair County

Community Mental Health:

**INTRODUCTION**

1.    When Plaintiff requested a private space to pump breast milk,

Defendant failed to provide such a private area.  First, Defendant provided Plaintiff

1

with a windowed room that allowed free access for any employee to look in on Plaintiff pumping milk.  Next, Defendant tried to force Plaintiff to express breast milk in an unsanitary bathroom.  When Plaintiff refused, she was terminated for "inappropriate behavior," thereby depriving Plaintiff her rights as a nursing mother guaranteed by the PUMP Act to have a clean and secure space to pump milk for her infant child.  Defendant's conduct also caused Plaintiff to suffer a reduction in her milk supply.  Had Defendant chosen to comply with the PUMP Act, it would have discovered that there are affordable prefabricated temporary spaces that are commercially available for installation.  But Defendant instead terminated Plaintiff because she was an inconvenience to them.

## PARTIES AND JURISDICTION

2.      Plaintiff Austyn Shephard resides in Port Huron, St. Clair County, Michigan.

3.      Defendant is a domestic nonprofit corporation with a principal place of business in Port Huron, St. Clair County, Michigan.

4.      At all times material to this proceeding, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the PUMP Act.

5.      At all times material to this proceeding, Plaintiff was an "employee" of Defendant within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e)(2)(B).

6.    Defendant is an "employer" within the meaning of the FLSA pursuant to 29 U.S.C. §§ 203(a), (d) and was an "employer" of Plaintiff at all times material to this proceeding.

7.    Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") pursuant to 42 U.S.C. § 2000e(b) and was an "employer" of Plaintiff at all times material to this proceeding.

8.    The U.S. District Court for the Eastern District of Michigan has jurisdiction over the claim under the Fair Labor Standards Act of 1938 ("FLSA") and Title VII pursuant to 28 U.S.C. § 1331.

9.    Venue is proper under 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events giving rise to the claims occurred.

## BACKGROUND

***The PUMP Act***

10.    The purpose of the PUMP Act was "[t]o amend the [FLSA] to expand access to breastfeeding accommodations in the workplace, and for other purposes."

11.    Specifically, the PUMP Act amended the FLSA to include § 218d, which provides that:

(a) An employer shall provide —

"(1) a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk; and

3

''(2) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

29 U.S.C. § 218d.

12.     Notably, the statute states that the "employer *shall* . . . provide a place…" for nursing parents to express milk. (Emphasis added.) The word "shall" in § 218d imposes an affirmative duty on the employer to provide a clean, secure space.

13.     On May 17, 2023, The U.S. Department of Labor Wage and Hour Division ("WHD") published Field Assistance Bulletin No. 2023-02 (the "FAB"), which provides guidance to agency officials responsible for enforcing the PUMP Act. The FAB provides insight into how the WHD will enforce employees' rights under the PUMP Act.

14.     Regarding an employee's right to breaks to pump breast milk, the FAB emphasizes that employees are entitled to a "reasonable break *each time* such employee has need to pump breast milk at work for one year after the child's birth. An employer may not deny a covered employee a needed break to pump."

15.     Regarding the space requirements, employers must provide a "functional space" that is "(1) shielded from view; (2) free from intrusion from coworkers and the public; (3) available each time it is needed by the employee; *and* (4) not a bathroom."

4

16.     The FAB states: The location **must be functional as a space for pumping**. It must have a place for the nursing employee to sit, a flat surface (other than the floor), and employees must be able to store milk while at work.

17.     Further, an employer who violates a nursing mother's right to reasonable break times and a functional space to pump breast milk is liable "for appropriate legal or equitable remedies . . . [which] may include **compensatory damages and make-whole relief**, such as economic losses that resulted from violations, **and punitive damages** where appropriate. These remedies are available regardless of whether the employee has also experienced retaliation."

18.     On September 18, 2023, the Department of Labor's Wage and Hour Division found "supervisors employed by Aimbridge Employee Service Corp. – operating as Hammock Beach Golf Resort and Spa – failed to provide a private place for a worker to express milk for her newborn baby, in violation of the PUMP Act. The agency found that it took supervisors nearly four months to provide an employee with a suitable space to pump milk, and even then the space — a manager's office — lacked privacy as the employee learned "when another worker entered the room while the mother was attempting to pump milk."

19.     Plaintiff seeks this Court's assistance on behalf of all nursing mothers who work and their infant children to improve breastfeeding outcomes by making

clear that employers cannot deny their employees adequate lactation accommodation in the workplace.

## FACTUAL ALLEGATIONS

20.     Plaintiff was employed by Defendant as "Secretary" from September 25, 2023, until her termination on October 26, 2023.

21.     Prior to beginning her employment with Defendant, Plaintiff requested a sanitary space in which to pump breast milk during the workday, in accordance with the PUMP Act.

22.     Defendant provided Plaintiff with a room that lacked a functioning lock and that had windows through which Plaintiff was visible to anyone that walked past.

23.     On or about September 25, 2023, Plaintiff's manager, Caroline Corby, peeked through the windows into the room while Plaintiff was preparing to pump breast milk.

24.     Plaintiff was not provided with reasonable breaks from work each time she needed to pump breast milk.

25.     Defendant's consistent staffing issues often caused Plaintiff to delay or entirely lose her brief opportunities to take breaks to pump breast milk.  She was allowed only two 15-minute breaks during which she had to set up the equipment and begin pumping, as well as disassemble, disinfect, and return to her desk.

26. Plaintiff's colleagues openly expressed their annoyance at Plaintiff's infrequent pump times.

27. As a result of shorter pump times, Plaintiff's breast milk supply was severely depleted, and she was forced to supplement her child with formula.

28. On or about October 17, 2023, Plaintiff attended an active shooter training at Defendant's premises.

29. Plaintiff requested a break in which she could pump breast milk in an unused room on the premises.

30. Plaintiff was directed not to use the unused room, and instead directed to pump breast milk in the nearby bathroom.

31. During this training, not only was Plaintiff directed to pump breast milk in an unsanitary bathroom and instructed not to pump breast milk in the unused room, she was not provided with any breaks whatsoever to pump breast milk.

32. Defendant did not provide Plaintiff with any form of "functional space" to express breast milk.

33. On or about October 26, 2023, Plaintiff was informed that she was being terminated for "inappropriate behavior," referring to her need to pump breast milk for her nursing child.

34. In failing to provide Plaintiff with a functioning space for pumping breast milk, directing her to pump in a bathroom, and ultimately by terminating

Plaintiff explicitly for her need to pump breast milk, Defendant has violated the PUMP Act.

**COUNT I**
**Violation of the FLSA and PUMP Act**
**[29 U.S.C. § 218d(a)(1)]**

35.     Plaintiff restates the foregoing paragraphs as set forth herein.

36.     Plaintiff was an "employee" or "individual employed by an employer" under the Fair Labor Standards Act of 1938 ("FLSA"). 29 U.S.C. § 203(e).

37.     Defendant is an "employer" within the meaning of the FLSA pursuant to 29 U.S.C. §§ 203(a), (d) and was an "employer" of Plaintiff at all times material to this proceeding.

38.     The FLSA, at 29 U.S.C. § 218d(a)(1), states that an "employer shall provide: (1) a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk . . . ."

39.     In violation of the PUMP Act, Defendant, throughout the relevant period, failed to provide reasonable break times for employees "to express breast milk for 1 year after the child's birth each time such employee needed to express milk. . . ." 29 U.S.C. § 218d(a)(2).

8

40. Defendant, through supervisors and management employees, failed to provide reasonable break times for Plaintiff to express breast milk in violation of the FLSA.

41. On information and belief, Defendant, through supervisors and management employees, knowingly, willfully, and systematically engaged in this unlawful practice of refusing to provide reasonable breaks to express breast milk to Plaintiff in violation of the PUMP Act.

42. Defendant violated Plaintiff's rights under the PUMP Act by failing to provide reasonable break times to express breast milk.

43. Defendant violated Plaintiff's rights by failing to institute policies and practices that comply with the PUMP Act.

44. Defendant is liable to Plaintiff for legal and equitable relief in the form of damages and other relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses. *See* 29 U.S.C. § 216(b).

## COUNT II
### Violation of the FLSA and PUMP Act
### [29 U.S.C. § 218d(a)(2)]

45. Plaintiff restates the foregoing paragraphs as set forth herein.

46. Plaintiff was an "employee" or "individual employed by an employer" under the FLSA. 29 U.S.C. § 203(e).

9

47.     Defendant is an "employer" within the meaning of the FLSA pursuant to 29 U.S.C. §§ 203(a), (d) and was an "employer" of Plaintiff at all times material to this proceeding.

48.     The FLSA, at 29 U.S.C. § 218d(a)(2), states that an "employer shall provide: . . . (2) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk."

49.     In violation of the PUMP Act, Defendant, throughout the relevant period, failed to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." 29 U.S.C. § 218d(a)(2).

50.     Despite requests from Plaintiff, Defendant, through supervisors and management employees, failed to provide a "functional," non-bathroom space within which Plaintiff could express breast milk without the worry of being intruded upon, in violation of the FLSA.

51.     On information and belief, Defendant, through supervisors and management employees, knowingly, willfully, and systematically engaged in this unlawful practice of refusing Plaintiff, in violation of the PUMP Act.

10

52.     Defendant violated Plaintiff's rights under the PUMP Act by failing to provide an appropriate clean and safe place that is free from intrusion within which to pump breast milk.

53.     Defendant violated Plaintiff's rights by failing to institute policies and practices that comply with the PUMP Act.

54.     Defendant is liable to Plaintiff for legal and equitable relief in the form of damages and other relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses. *See* 29 U.S.C. § 216(b).

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### [42 U.S.C. § 2000e, *et seq.*]

55.     Plaintiff restates the foregoing paragraphs as set forth herein.

56.     Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") pursuant to 42 U.S.C. § 2000e(b) and was an "employer" of Plaintiff at all times material to this proceeding.

57.     Title VII, at 42 U.S.C. § 2000e-2(a)(1) prohibits an employer from discriminating against an employee "because of such individual's…sex".

58.     Pursuant to 42 U.S.C. § 2000e(k), discrimination "because of sex" includes discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions."

11

59. By terminating Plaintiff on the basis of her need to pump breast milk for her newborn child, Defendant engaged in discrimination against Plaintiff on the basis of pregnancy, childbirth, or other related medical conditions.

60. On information and belief, Defendant, through supervisors and management employees, knowingly and willfully terminated Plaintiff in violation of Title VII.

61. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith because of her termination.

62. Plaintiff has been denied employment and placed in financial distress and she has suffered a loss of earnings and benefits, loss of health insurance coverage, and a loss of and impairment of her earning capacity and ability to work because of her termination.

63. Plaintiff has been required to employ the services of an attorney as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

12

c.      Prejudgment interest;

d.      Attorneys' fees and costs; and

e.      Such other relief as in law or equity may pertain.

Respectfully Submitted,

HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah Hurwitz (P74063)
Attorneys for Plaintiff
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
*noah@hurwitzlaw.com*

Dated: February 5, 2024

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AUSTYN SHEPHARD,

        Plaintiff,                      Case No.

v.

                                         Hon.

ST. CLAIR COUNTY COMMUNITY
MENTAL HEALTH,

        Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff Austyn Shephard, by and through her attorneys, Hurwitz Law PLLC,

hereby demands a trial by jury in the above-captioned matter for all issues triable.

                                      Respectfully Submitted,
                                      HURWITZ LAW PLLC

                                        */s/ Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
                                        *Attorney for Plaintiff*

Dated: February 5, 2024

14